IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DENNIS W. DELANEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 25-cv-3083 |
| SANGAMON COUNTY REPUBLICAN PARTY, REPUBLICAN PARTY OF ILLINOIS, REPUBLICAN NATIONAL COMMITTEE, | ) ) ) ) ) |
| Defendants. | ) ) |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendants' Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 11). For the reasons that follow, Defendants' Motion to Dismiss is GRANTED.

### I.    BACKGROUND

Dennis Delaney's *pro se* complaint contains allegations from another complaint he purportedly filed with this Court in 2006,[1] but it isn't clear where those past allegations end and new ones begin. Delaney also filed an identical complaint with this Court, in case number 24-cv-3228, which was dismissed without prejudice following Delaney's failure to prosecute it. The instant complaint seemingly alleges the following claims against Defendants: (1) criminal aggravated battery; (2) criminal aggravated assault; (3)

---

[1] "FROM 2006 ILCD COMPLAINT" introduces the allegations here. (Doc. 1 at 2).

defamation; (4) intentional infliction of emotional distress; (5) conspiracy; (6) several claims under 42 U.S.C. § 1983; and (7) a civil RICO violation.

In support of those claims, Delaney explains that law enforcement and private entities have engaged in a continuing, multi-decade conspiracy against him in which he has been followed from state to state and surveilled on a "minute by minute basis." (Doc. 1 at 2). According to him, these conspirators have constantly—on innumerable occasions—sprayed a harmful substance on him which has caused him immense pain. He adds that "[t]he nature of the substance is also such that it conceals the identity of the perpetrator and prevents typical prosecution." (*Id.*). And that "[p]articipants often signal the imminent exposure to a painful substance with the use of a particular mannerism or cue." (*Id.*). Ultimately, he says, "[t]he plan was designed to portray [Delaney] as psychologically unstable." (*Id.*). Law enforcement "behaved as 'cover'" in this supposed grand conspiracy "for their political patrons, the GOP," who are presumably the three defendants named here: the Sangamon County Republican Party, the Republican Party of Illinois, and the Republican National Committee. (*Id.* at 9). However, Delaney also indicates the "[d]efendants included within this cause of action include: security guards, law enforcement community and, importantly non-members of the law enforcement community." (*Id.* at 8).

II. **DISCUSSION**

A 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 12(b)(6). A complaint must contain

sufficient factual matter that, when accepted as true, shows that the plaintiff is plausibly entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Naked assertions devoid of further factual enhancement" do not suffice. *Id*. (cleaned up). And the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Any determination on plausibility ultimately "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

Delaney's claims fail to meet the pleading standard.[2] His allegations, as Defendants point out, "seem to be fixed on local, unnamed law enforcement" (and other actors) rather than those defendants named in the complaint. (Doc. 12 at 3). None of his legal claims are substantiated by the allegations, as they rely on immense speculation and are otherwise lacking. For example, the alleged conspiracy relies primarily on Delaney's suspicions of concerted acts taken by law enforcement, other unnamed persons, or the vague reference to "Defendants."[3] Delaney maintains, among other incredible allegations, that "a large network of individuals have decided to wield their enormous resources in an effort to destroy [his] life," and that "Defendants participated in

---

[2] It should be noted also that although Delaney is unrepresented, he failed to respond to the motion to dismiss as required within 14 days after having been provided notice (Doc. 13). The Court's local rules provide that "[i]f no response is timely filed, the presiding judge will presume there is no opposition to the motion and may rule without further notice to the parties." Civil LR 7.1(B)(2). Delaney filed a response approximately 5 months after the filing of the motion.

[3] It is unclear when Delaney's use of "Defendants" refers to those named or others unnamed. He only mentions the "GOP" and "RNC" once in the complaint for inconsequential reasons. (Doc. 1 at 7, 9). He never mentions the Sangamon County Republican Party or the Illinois Republican Party.

intentional harmful exposure to [Delaney], or recruited participants to commit aggravated battery, on a continuous basis, using a variety of . . . airborne substances." Plaintiff's vague and speculative allegations fall well short of stating any claim. Fed. R. Civ. P. 12(b)(6).

A court must also dismiss a claim as "factually frivolous" if its supporting allegations are "clearly baseless," meaning that they are "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992); *see also Weinschenk v. CIA*, 818 F. App'x 557, 558 (7th Cir. 2020) (citing *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016)). Delaney's complaint falls within that verbiage. His allegations are factually frivolous, and this reviewing Court is not required to accord them the usual assumed veracity given to a complaint's well-pleaded allegations. *Richmond v. City of Milwaukee*, No. 25-CV-1780, 2025 U.S. Dist. LEXIS 226423, at *3–4 (E.D. Wis. Nov. 18, 2025) (citing *Ashcroft*, 556 U.S. at 679); *see also Pohle v. Pence*, No. 21-3351, 2022 U.S. App. LEXIS 20427, at *4 (7th Cir. 2022) (affirming dismissal for failure to state a claim where plaintiff's "allegations of a vast conspiracy surpass the speculative or insubstantial" and are "nonsensical and frivolous"). The complaint fails to state a claim and is dismissed. Fed. R. Civ. P. 12(b)(6).

### III.    CONCLUSION

Based on the foregoing reasons, the Motion to Dismiss by Defendants Republican National Committee, Republican Party of Illinois, and Sangamon County Republican Party (Doc. 11) is GRANTED. Plaintiff is given 21 days from the entry of this Order to file

an amended complaint that cures deficiencies. Failure to file within 21 days will result in the dismissal of this case with prejudice.

ENTER: December 15, 2025

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE